UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH LOCHUCH EWALAN,<br><br>                Plaintiff,<br><br>   v.<br><br>T. ST. GERMAIN, *et al.*,<br><br>                Defendants. | Case No. C21-5519-BJR-MLP<br><br>ORDER |

This is a civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff, who is proceeding *pro se*, alleges violations of his First and Eighth Amendment rights relating to the adequacy of the medical care he received for a hand injury he sustained while in custody. (*See* dkt. # 13.) Now before the Court for consideration is: (1) Defendants' motion to compel discovery (dkt. # 26); and (2) Plaintiff's surreply (dkt. # 35).

      **A.**      **Defendants' Motion to Compel**

Defendants seek an order compelling Plaintiff to comply with Fed. R. Civ. P. 26 and 30 by answering questions upon oral deposition. (*See* dkt. # 26.) This motion was prompted by Plaintiff's refusal to answer questions during his original deposition which occurred on May 2-3, 2022. (*Id.*)

ORDER - 1

Defendants have submitted in support of their motion to compel the transcripts of Plaintiff's deposition testimony on May 2-3, 2022. (Dkt. # 27, Exs. A (Ewalan Dep. I), B (Ewalan Dep. II).) The transcript of the May 2nd testimony reveals that Plaintiff was largely cooperative in answering the questions posed by Defendants' counsel, but he adamantly refused to answer any questions about how his injury occurred. (*See id*., Ex. A (Ewalan Dep. I at 33:20-38:10).) Plaintiff explained that he was objecting to the questions because the instant action concerns only medical care, and the incident during which he sustained the injury is the subject of another civil rights action currently pending in this Court, *Ewalan v. Wash. Dep't of Corrs., et al.*, C20-5678-JLR-TLF, in which Plaintiff alleges a failure to protect claim relating to the incident which resulted in his injury. (Dkt. # 27, Exs. A (Ewalan Dep. I at 34:10-35:1, 35:12-37:7), C.)

The transcript of the May 3rd testimony reveals that Plaintiff responded to some brief introductory questions regarding his ability to participate in the deposition but declined to answer any further questions. (Dkt. # 27, Ex. B (Ewalan Dep. II at 117:12 -121:21).) Plaintiff advised Defendants' counsel that he did "not consent" to the deposition because he had not yet received responses to his own discovery requests from Defendants, responses he believed were overdue at that time. (*Id*. at 118:24-120:23.) Plaintiff claimed he would not be able to answer Defendants' questions until he received those responses. (*See id*. at 119:3-120:9.) Plaintiff also expressed his belief that depositions were not "due" until July 2022, and he suggested that Defendants' counsel was not complying with the Court's pretrial schedule. (*See id*. at 118:19-23, 120:16-23.)

Plaintiff, in his brief in opposition to Defendants' motion to compel, argues again that he never consented to the deposition and, relatedly, that the deposition was taken before the "mandatory meeting" between the parties occurred contrary to Fed. R. Civ. P. 26(a). (Dkt. # 30

ORDER - 2

at 1.) Plaintiff also cites to the fact that Defendants failed to respond to his discovery requests prior to taking his deposition and claims again that he needed the requested discovery to answer the deposition questions truthfully and accurately. (*See id*. at 2-4.) Plaintiff complains as well that when Defendants did respond to his discovery requests, they refused to answer certain interrogatories or to provide requested documents. (*Id*.) Plaintiff reiterates the objection made at his deposition that the origin of his injury is irrelevant as this case is strictly about medical care, and he claims it would be inappropriate to discuss the origins of his injury prior to trial in his other pending case. (*Id*. at 4.) Finally, Plaintiff once again expresses his belief that depositions are not due until July 20, 2022. (*Id*. at 4-6; dkt. # 31 at 4.)

Plaintiff appears to misapprehend the discovery rules. Plaintiff's argument to the contrary, his consent was not required before his deposition could be taken, nor was a meeting of the parties required in advance of the deposition. Plaintiff's argument appears to be based on his interpretation of Fed. R. Civ. P. 26(d)(1) which provides that a party may not seek discovery from any source before the parties have conferred pursuant to Fed. R. Civ. P. 26(f). However, as Fed. R. Civ. P. 26(d)(1) expressly states, this timing provision does not apply to a proceeding exempt from initial disclosures under Fed. R. Civ. P. 26(a)(1)(B). This proceeding is exempt from initial disclosures because Plaintiff is a state prisoner who brought this action without an attorney. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv). Plaintiff's argument that his consent and a meeting of the parties was required before his deposition could proceed is therefore without merit.

Also without merit is Plaintiff's suggestion that Defendants were required to answer his discovery requests before his deposition proceeded. Defendants are entitled to conduct discovery in this action in any manner provided for in the Federal Rules of Civil Procedure and Plaintiff is required to cooperate in this effort. There is no rule which precludes the parties from conducting

ORDER - 3

overlapping discovery. Moreover, as Defendants' counsel explained to Plaintiff during his deposition, counsel was only asking Plaintiff questions "about what you can remember and what you know personally." (Dkt. # 27, Ex. A (Ewalan Dep. I at 72:21-22).) Plaintiff should be able to truthfully and accurately respond to such inquiries without first reviewing Defendants' discovery responses. To the extent Plaintiff complains about the timing and substance of Defendants' discovery responses, those issues are irrelevant to resolution of the pending motion to compel.

With respect to Plaintiff's objection to Defendants' inquiries into the origins of his injury he has likewise provided no basis for the Court to reject Defendants' motion to compel. The taking of depositions is governed by Rule 30 of the Federal Rules of Civil Procedure, which expressly provides for the taking of depositions by any party of any other party. *See* Fed. R. Civ. P. 30(a). The rule also provides that a deponent may interpose an objection at the time of the examination but the examination still proceeds, and that a deponent may refuse to answer a question "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). None of the cited circumstances apply here.

Finally, to the extent Plaintiff contends that depositions are not due until July 20, 2022, he misreads the Court's scheduling order. The scheduling order expressly provides that *all* discovery must be completed by June 20, 2022, including depositions. (*See* dkt. # 25 at 1.) The July 20, 2022 deadline set forth in the scheduling order is for the filing of dispositive motions, not for the taking of depositions. (*See id*. at 2.)

### B. Plaintiff's Surreply

Defendants filed their motion to compel on May 26, 2022, but failed to note their motion on the Court's calendar as required by the local rules. (*See* dkt. # 26.) On June 1, 2022, the Court

ORDER - 4

issued a minute order advising the parties that it had noted Defendants' motion for consideration on June 10, 2022. (Dkt. # 29.) Plaintiff filed his response to Defendants' motion on June 1, 2022 (dkt. # 30), and Defendants filed a timely reply brief on June 10, 2022 (dkt. # 33).

On June 17, 2022, a full week after Defendants filed their reply, Plaintiff filed what appears to be a surreply in which he asks that Defendants' motion to compel be stricken in its entirety, apparently on the grounds that Defendants failed to properly note their motion in the first instance, failed to comply with this Court's Minute Order noting the motion to compel, and failed to comply with the briefing deadlines set forth in Local Civil Rule ("LCR") 7(d). (*See* dkt. # 35 at 1-5.)

The Court finds Plaintiff's arguments frivolous. Moreover, the Court observes that Plaintiff's purported surreply fails to comply with the local rules of this Court in that it seeks to strike an entire motion and not just material contained in the reply brief, Plaintiff failed to provide notice of his intent to file a surreply, and the surreply was itself untimely as it was filed more than five days after Defendants' reply brief was filed. *See* LCR 7(g).

Based on the foregoing, the Court hereby ORDERS as follows:

(1)    Defendant's motion to compel (dkt. # 26) is GRANTED, and Plaintiff is directed to appear for another deposition and answer all questions posed by Defendants' counsel. Plaintiff may interpose objections which he deems appropriate, but he may not refuse to answer.

(2)    The discovery deadline in this matter is extended to **July 20, 2022**, for the sole purpose of completing Plaintiff's deposition. The dispositive motion filing deadline is extended to **August 22, 2022**.

(3)    Plaintiff's surreply (dkt. # 35 at 1-5) is STRICKEN.

ORDER - 5

(4) The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable Barbara J. Rothstein.

Dated this 21st day of June, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 6