UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH LOCHUCH EWALAN,<br><br>      Plaintiff,<br><br> v.<br><br>T. ST. GERMAIN, *et al.*,<br><br>      Defendants. | Case No. C21-5519-BJR-MLP<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION TO COMPEL DISCOVERY |

   This is a civil rights action proceeding under 42 U.S.C. § 1983. Currently before the Court for consideration is Plaintiff's motion to compel responses to his second set of interrogatories and requests for production.[1] (*See* dkt. ## 35 at 6-39, 46-81, 35-1 at 5, 8-44.) Though not entirely clear, Plaintiff appears to assert in his motion papers that Defendants refused to answer certain discovery requests. (*See id.*) He also appears to take issue with the content of Defendants' responses to some of his discovery requests. (*See id.*)

---

[1] Plaintiff's presentation of his motion is somewhat confusing. Plaintiff submitted his motion to compel together with documents related to his opposition to Defendants' motion to compel, which was previously resolved by the Court. Documents relevant to the two separate motions are dispersed somewhat randomly throughout Plaintiff's 167-page submission, and the inclusion of numerous duplicate pages adds to the confusing nature of the presentation. The pages cited here are those that appear to pertain only to Plaintiff's motion to compel. Plaintiff is advised that, in the future, he should confine each submission to a single topic so that the Court can more efficiently resolve the issues presented to it for consideration.

ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL DISCOVERY - 1

Defendants assert in their response to Plaintiff's motion that the motion to compel may be denied because Plaintiff did not submit with his motion the requisite certification that he made a good faith effort to meet and confer with Defendants regarding the matters in dispute prior to filing his motion to compel as required by Fed. R. Civ. P. 37(a)(1) and Local Civil Rule ("LCR") 37(a)(1). (Dkt. # 37 at 2.) Defendants note that not only did Plaintiff fail to provide the requisite certification there has, in fact, been no face-to-face meeting or telephone conference, nor any other communication regarding Defendants' recent discovery responses, save for the instant motion to compel. (*Id*.; dkt. # 38 at ¶ 3.) Despite their assertion that Plaintiff's motion may be denied on procedural grounds, they nonetheless address the merits of Plaintiff's motion, arguing that they appropriately responded to Plaintiff's discovery requests. (Dkt. # 37 at 2-8.)

Rule 37(a)(1) of the Federal Rules of Civil Procedure requires that a party seeking to compel discovery include in the motion a certification that the moving party "has in good faith conferred or attempted to confer" with the party failing to make disclosures. *See* Fed. R. Civ. P. 37(a)(1). LCR 37(a)(1) likewise provides that "[a]ny motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action." The rule further provides that "a good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference." LCR 37(a)(1).

Plaintiff, in his reply brief, asserts that Defendants' representation that he never asked to confer or to have a face-to-face meeting is false. (Dkt. # 39 at 1.) Plaintiff claims that he made such a request in a "Motion for Order of Telephonic Appearance/Request for Possible Settlement

ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL DISCOVERY - 2

to Cut Expenses and Time" and that Defendants ignored the request. (*Id*. at 1-3.) Plaintiff attached a copy of this purported motion to his reply brief as an exhibit. (*See id*. at 8.) A review of the exhibit shows that Plaintiff prepared the purported motion on March 29, 2022, and requested therein that the parties hold a telephonic conference on April 15, 2022 (*see id*.), but nothing in the record shows that the motion was ever filed with the Court or that Plaintiff ever served the motion on Defendants. Moreover, the record makes clear that at the time Plaintiff prepared his motion, he had not yet served the second set of discovery requests which are the subject of his motion to compel. The fact that Plaintiff may have requested a telephonic conference to discuss general matters concerning the case does not satisfy the meet and confer requirement of Fed. R. Civ. P. 37(a)(1) and LCR 37(a)(1), both of which require a conversation specific to the anticipated subject of any motion to compel.

     Plaintiff's motion to compel is procedurally deficient and is therefore not properly before the Court. The Court observes that had Plaintiff made an appropriate effort to meet and confer, as the rules require, his motion, in whole or in part, may not have been necessary. The Court notes that it is logistically more difficult for Plaintiff to schedule a meet and confer and therefore requests that the Defendants' counsel be available for a meet and confer at times convenient to Plaintiff. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 37(a)(1) and LCR 37(a)(1), his motion to compel (dkt. # 35) is DENIED.

//
//
//
//

ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL DISCOVERY - 3

The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable Barbara J. Rothstein.

Dated this 15th day of July, 2022.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL DISCOVERY - 4